PENNSYLVANIA RAILROAD COMPANY & Others
 *v.* ST. LOUIS, ALTON AND TERRE HAUTE RAIL-
 ROAD COMPANY.

ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD
 COMPANY *v.* PENNSYLVANIA RAILROAD COM-
 PANY.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF INDIANA.

Petition for rehearing.   Submitted May 10, 1886.—Decided November 8, 1886.

No authority is found in the Statutes of Indiana for the lease of an entire
    railroad, property, and franchise for a period of ninety-nine years.   The
    court adheres to its views on the other questions involved in this case.   See
    *ante,* 290–318.

This was a petition for rehearing the cause reported *ante,* 290.   The petition was submitted on the closing day of the sit-

ting of the court at the last term. The grounds set forth were the following :

"FIRST. Your petitioner avers that there is manifest error in the opinion and decree of this court in the above causes, in this : In holding that the contract made by your petitioner with the Indianapolis and St. Louis Railroad Company, for the use of its railroad by the last-named company in the manner set out in said contract, as the same appears of record, is void and of no effect for want of authority in said Indianapolis and St. Louis Railroad Company to enter into the same. Your petitioner claims and insists that said Indianapolis and St. Louis Railroad Company, a corporation of the State of Indiana, was expressly authorized by the laws of that State to make such contract or agreement with your petitioner ' for the use of its road as to the board of directors of said company might seem proper,' and that said contract, so declared void in the opinion rendered in this case, was fairly entered into and fully ratified and approved by the boards of directors of each of said companies. . . .

"SECOND. It further avers that there is manifest error in the opinion and decree of this court, in this: That it is held by this court that the guarantor companies are not bound by their several contracts of guarantee, first, by reason of the original contract being, in the opinion of this court, void; and, secondly, for want of authority on the part of the said companies to enter into such guarantee contracts. The objection to the first point has been sufficiently stated. With regard to the second your petitioner submits that it is erroneous in this, that this honorable court has wholly failed to take into consideration the fact that the guarantor companies were the promoters of the original contract, and that they organized the Indianapolis and St. Louis Company as their agent, and as an instrumentality to secure to them and each of them the use and benefit of said operating contract for the control of the through business passing from St. Louis, eastward, over your petitioner's road ; that the contract of guarantee is not separable from the operating contract to which it is attached, but with said operating contract forms one entire contract, in which the guarantor

companies were the chief parties in interest. It is not in the nature of a mere guarantee for the debt, default, or miscarriage of a third party, and it is not just and equitable to your petitioner to treat it as such, as that view leaves entirely out of sight the chief causes which led to its being executed, and entirely ignores the direct interest which the guarantor companies had in it and the consideration which moved directly to the guarantor companies in support of it.

"THIRD. It further avers that in said opinion and decree there is manifest error, in this : That, holding said contracts of guarantee to be void, this court also holds that said guarantors are not in any manner bound for the benefits which they and each of them derived from the said contracts during the time the road of your petitioner was being operated under their agent for their use and benefit. The rule, as stated in the opinion of this court, is not founded on the facts, and is not consistent with the principles of equity as applied to the facts."

*Mr. Joseph E. McDonald* and *Mr. John M. Butler,* for petitioners, cited *Railroad Co.* v. *Koontz,* 104 U. S. 5, 12; *Railroad Co.* v. *Harris,* 12 Wall. 65, 83; *Bank of Augusta* v. *Earle,* 13 Pet. 519, 588; *Tippecanoe County* v. *Railroad Co.,* 50 Ind. 85, 110; *Hill* v. *Nisbet,* 100 Ind. 341; *Ryan* v. *Leavenworth & Atchison Railway,* 21 Kansas, 365; *Bridgeport* v. *Housatonic Railroad,* 15 Conn. 475; *Pittsburg, Cincinnati & St. Louis Railway* v. *Kain,* 35 Ind. 291; *Cincinnati & Martinsville Railroad* v. *Paskins,* 36 Ind. 380; *Pittsburg, Cincinnati & St. Louis Railway* v. *Bolner,* 57 Ind. 572; *Pittsburg, Cincinnati & St. Louis Railway* v. *Hannon,* 60 Ind. 417; *Jeffersonville, Madison & Indianapolis Railroad* v. *Donney,* 61 Ind. 287; *Cincinnati, Hamilton & Dayton Railroad* v. *Bunnell,* 61 Ind. 183; *Pittsburg, Cincinnati & St. Louis Railway* v. *Currant,* 61 Ind. 38; *Pittsburg, Cincinnati & St. Louis Railway* v. *Hunt,* 71 Ind. 229; *Cincinnati, Hamilton & Dayton Railroad* v. *Leviston,* 97 Ind. 488, 495; *Thomas* v. *Railroad Co.,* 101 U. S. 71; *Green Bay & Minnesota Railroad* v. *Union Steamboat Co.,* 107 U. S. 98; *Davis* v. *Old Colony Railroad,* 131 Mass. 258; *Archer* v. *Terre Haute & Indianapolis*

*Railroad,* 102 Ill. 493; *Van Hostrup* v. *Madison,* 1 Wall. 291; *Madison, &c., Plank Road* v. *Watertown, &c., Plank Road,* 7 Wis. 59; *Pearce* v. *Madison & Indianapolis Railroad,* 21 How. 441; *Smead* v. *Indianapolis, Pittsburg & Cleveland Railroad,* 11 Ind. 104, 112; *State Board of Agriculture* v. *Citizens' Street Railway,* 47 Ind. 407; *Hitchcock* v. *Galveston,* 96 U. S. 341, 351; *Zabriskie* v. *Cleveland, Columbus & Cincinnati Railroad,* 23 How. 381; *Low* v. *Central Pacific Railroad,* 52 Cal. 53, 60; *Stewart* v. *Erie Transportation Co.,* 17 Minn. 372; *Railway Co.* v. *McCarthy,* 96 U. S. 258, 266; *San Antonio* v. *Mehaffey,* 96 U. S. 312; *Daniels* v. *Tearney,* 102 U. S. 415; *National Bank* v. *Matthews,* 98 U. S. 621; *National Bank* v. *Whitney,* 103 U. S. 99; *Fortier* v. *New Orleans Bank,* 112 U. S. 439; *Black* v. *Delaware & Raritan Canal,* 9 C. E. Green (24 N. J. Eq.), 456; *Camden & Atlantic Railroad* v. *May's Landing & Egg Harbor City Railroad,* N. J. Court of Errors and Appeals, July, 1886.

Referring to the provision contained in Section 13, Article 11, of the Constitution of Indiana, they also cited the following statutes of that State: 1852, Gen. Railroad Act; 1853, February 23; 1853, March 4; 1863, March 4; 1865, March 3; 1865, December 18; 1869, May 4; 1875, March 2; 1877, March 16; 1881, April 7: Rev. Stat. Ind. 1881, §§ 3556, 3903, 3951, 3965, 3967, 3968, 3969, 3970, 3971, 3972, 3973, 4018, 4019, 4025, 4026, 4028, 4029, 4031, 4039, 4040.

MR. JUSTICE MILLER delivered the opinion of the court.

The opinion of the court in this case, accompanying its judgment, was delivered very near the close of the last term [see *ante,* 294–318], and for that reason, among others, a special leave was granted the appellees to file a petition for rehearing at the beginning of the present term.

We have very carefully examined this petition, and while, on one of the main points in the case, namely, the statutory authority of the Indianapolis and St. Louis Railroad Company, under the laws of Indiana, to make the lease which was the foundation of the suit, there are some other statutes and some other decisions of the State and the State court cited, we do

not think they invalidate the ground on which the decision of this court at the last term rested.

It was said in that opinion that there was no decisive or conclusive expression of opinion on that subject by the Supreme Court of Indiana, and that this court was therefore compelled to exercise its own judgment and to follow it in deciding the case. We are not able to see in the cases cited for the first time in this petition anything which modifies this proposition.

The same may be said of the statutes specially relied on in the petition. There is, in our opinion, no authority found in them for the lease by the defendant company of the entire road, property, franchise, powers, and control of the plaintiff's road for ninety nine years.

The judgment of the plaintiff against the Indianapolis and St. Louis Company remains unaffected by the decision of this court, because there was no appeal by the latter company, and we see no reason to change our views on the other questions involved in the case.

*The petition is, therefore, overruled.*